# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ROMERO FOLEY, | CASE NO. 1:08-cv-00339-LJO-WMW PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| B. JOLLY, et al., | (Doc. 1) |
| Defendants. | |

**I.  Screening Requirement**

Plaintiff Tracy Romero Foley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

### A.    Summary of Plaintiff's Complaint

Plaintiff was incarcerated at the California Correctional Institution in Tehachapi, California when the events in his complaint occurred. Plaintiff's complaint alleges that Defendants unconstitutionally deprived Plaintiff of his personal property in violation of the U.S. Constitution. Plaintiff names B. Jolly, R. Wenciker, F. Gonzalez, and William J. Sullivan as defendants.

The incident giving rise to Plaintiff's claim occurred when he was transferred to the Special Housing Unit ("SHU") for assault sometime around January 26, 2006. Defendant B. Jolly came to Plaintiff's cell with the personal property Plaintiff would be allowed to possess in the SHU. Plaintiff indicated that he wanted the rest of his property donated. The crux of Plaintiff's claim appears to be a dispute between Plaintiff and Defendants as to how much personal property Plaintiff is allowed in the SHU under prison regulations. Plaintiff believes prison regulations allow for six cubic feet worth of religious personal property. Defendants believed prison regulations only allow for five books/pamphlets. Thus, Plaintiff alleges that since he was given less books then he should have been able to possess, he was unconstitutionally deprived of the religious books that he should have been allowed to possesses.

Plaintiff's complaint alleges that Defendants B. Jolly and R. Wenciker were directly involved in disposing of Plaintiff's personal property. Plaintiff alleges that Defendant F. Gonzalez was involved in resolving Plaintiff's complaint regarding his personal property, but was ineffectual and "hinder[ed] his officers from helping me." Plaintiff's complaint does not allege specific facts as to Defendant warden William J. Sullivan's involvement in the incident.

### B. Plaintiff's Claim for Deprivation of Property

Plaintiff alleges that Defendants' deprivation of his property was not authorized under prison regulations. Unauthorized, intentional deprivation of property does not violate Due Process provided that a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The rationale being that the Constitution only forbids the deprivation of property *without* due process of law. U.S. Const. amend. XIV, § 1. If California provides meaningful post-deprivation procedures, then Plaintiff would have been deprived of his property *with* due process of law - which does not violate the Constitution. California Law does provide adequate post-deprivation remedies for any property deprivations. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895)). Therefore, Plaintiff's complaint fails to state a claim for relief under § 1983.

### C. Plaintiff's Claims Against Defendant F. Gonzalez

Plaintiff's complaint names Chief Deputy Warden F. Gonzalez as a defendant. Plaintiff alleges that Defendant F. Gonzalez did not assist Plaintiff with his complaint and hindered his officers from helping Plaintiff. Plaintiff was alleged told by a Lieutenant R. Gonzalez that he would help Plaintiff with compensating for Plaintiff's lost religious books while Defendant F. Gonzalez wrote to Plaintiff stating the Plaintiff will not be compensated.

"Only persons who cause or participate in the [Constitutional] violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (citing Greeno v. Daley, 404 F.3d 645, 656-57 (7th Cir. 2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996)). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Id. The allegations in Plaintiff's complaint involving Defendant F. Gonzalez all occur after the allegedly unconstitutional property deprivation had already occurred. Therefore, Plaintiff's complaint fails to allege any cognizable claims against Defendant F. Gonzalez.

### D. Plaintiff's Claims Against Defendant William J. Sullivan

Plaintiff's complaint names warden William J. Sullivan as a defendant. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a

theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's complaint fails to allege that Defendant warden William J. Sullivan either personally participated in depriving Plaintiff's constitutional rights, or knew of the violations and failed to act to prevent them, or promulgated a policy that was the moving force of the constitutional violation.  Therefore, Plaintiff's complaint fails to state any cognizable claims against Defendant William J. Sullivan.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.

4

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.  IT IS SO ORDERED.

**Dated:   January 23, 2009**           /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE