# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ROMERO FOLEY, | CASE NO. 1:08-cv-00339-LJO-WMW PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| B. JOLLY, et al., | |
| Defendants. | |

Plaintiff Tracy Romero Foley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at the California Correctional Institution in Tehachapi, California ("CCI-Tehachapi") at all relevant times in his complaint. Plaintiff is suing under section 1983 for the violation of his rights under the Due Process Clause of the Fourteenth Amendment. Plaintiff names B. Jolly (corrections officer), R. Wenciker (corrections officer), and F. Gonzalez (chief deputy warden, CCI-Tehachapi) as defendants. For the reasons set forth below, Plaintiff's First Amended Complaint is dismissed with prejudice.

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Background

### A. Procedural Background

Plaintiff filed the original complaint in this action on March 10, 2008 (Doc. #1.) Plaintiff's original complaint was screened on January 23, 2009 and was dismissed for failure to state a claim. (Doc. #6.) Plaintiff was given an opportunity to file a First Amended Complaint which Plaintiff filed on February 20, 2009. (Doc. #7.) This action proceeds on Plaintiff's First Amended Complaint.

### B. Factual Background

On January 27, 2006, Defendant Jolly spoke with Plaintiff about the processing of his property. Defendant Jolly gave Plaintiff a list of items that he could not possess while housed in the Special Housing Unit ("SHU"). Plaintiff informed Defendant Jolly that he would be donating all of the items he would not be able to keep.

Afterwards, Plaintiff made inquiries regarding the disposition of his religious books. Plaintiff explained to Defendant Weneiker that he should be given back some of his religious property because prison regulations permitted Plaintiff to possess six cubic feet worth of religious items.

1 | Defendant Weneiker became irrate at Plaintiff and told him that the policy on religious property had
2 | changed.  Plaintiff continued to write complaints regarding the disposal of his religious property and
3 | was told by Defendant Gonzalez that Defendant Jolly and Weneiker were not liable for the disposal
4 | of Plaintiff's books.

**III.    Discussion**

Plaintiff alleges that he was deprived of his property in violation of the Constitution.  The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974).  Whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or unauthorized.  A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available.  Id. California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff's original complaint was dismissed because, at best, Plaintiff was alleging that Defendants' actions in depriving him of his religious property was unauthorized.  Plaintiff alleged that Defendants misconstrued the regulations regarding how much property was allowable in the SHU and as a result, Plaintiff's property was disposed of.  Since the deprivation was unauthorized, Plaintiff is pursuing the wrong course of action to seek compensation.  Plaintiff cannot seek compensation through a 1983 action - he must utilize post-deprivation remedies through California Law.  Plaintiff's First Amended Complaint has not corrected this deficiency.[1]

---

[1] Language in Plaintiff's complaint also suggests that the deprivation of property was intentional: "Property officer R. Weneiker knowingly and willfully disposed of my religious books by acting indifference [sic] and a malicious manner".  (Compl. 4.)  It is not clear whether Plaintiff is merely using boilerplate legalese in his complaint or alleging that Defendant Weneiker intentionally deprived Plaintiff of his property.  In either case, there is no

3

1    More fundamentally, Plaintiff has failed to allege that Defendants caused the deprivation of
2 Plaintiff's property. From the court's reading of Plaintiff's factual allegations, Plaintiff told
3 Defendants to donate all of the property that he would not be allowed to possess in the SHU. It was
4 not until after Plaintiff gave Defendants this instruction that Plaintiff requested the return of some
5 of his religious property, which the Defendants could not do because Plaintiff's property had already
6 be disposed of. Plaintiff alleged that he was given a property receipt of the items he could not have
7 and he instructed Defendants to donate those items. Therefore, Plaintiff knew he was disposing of
8 his religious property. Plaintiff alleges that he had no family to send his excess property to, but the
9 court is not aware of any provisions under the constitution or laws of the United States that imposes
10 a duty on the prison to serve as a storehouse for Plaintiff's property while he is incarcerated. Further,
11 although Defendants were allegedly mistaken in their interpretation of the prison regulations
12 regarding how much property Plaintiff is allowed to possess in his SHU cell, that mistake does not
13 rise to the level of a constitutional violation.

14    Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff was
15 deprived of his property because he opted to donate his property instead of providing for its storage.
16 Because Plaintiff was informed of the deficiencies in his complaint and failed to address them in his
17 amended complaint, this action be dismissed, with prejudice, for failure to state a claim. <u>Noll v.
18 Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

19    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
20 state a claim upon which relief could be granted.

21    These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days
23 after being served with these findings and recommendations, any party may file written objections
24 with the court and serve a copy on all parties. Such a document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served
26 and filed within ten days after service of the objections. The parties are advised that failure to file

---

constitutional violation because of the availability of adequate state post-deprivation remedies.

4

objections within the specified time waives all objections to the judge's findings of fact. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991.)

IT IS SO ORDERED.

**Dated:    March 23, 2009**                                  **/s/  William M. Wunderlich**
                                                                                    UNITED STATES MAGISTRATE JUDGE